**JOHN T. CLARK & SON OF MARY-LAND, INC., and American Mutual Liability Insurance Company, Petitioners,**

v.

**Kay Kowaleviocz COOPER (Widow of Matthew Kowaleviocz), Respondent.**

**No. 81–1927.**

United States Court of Appeals, Fourth Circuit.

Argued April 1, 1982.

Decided Sept. 3, 1982.

R. Roger Drechsler, Baltimore, Md. (Thomas D. Wilcox, Washington, D. C., on brief), for petitioners.

Bernard M. Goldstein, Baltimore, Md., for respondent.

Before BUTZNER and SPROUSE, Circuit Judges, and JACKSON L. KISER, United States District Judge for the Western District of Virginia, sitting by designation.

PER CURIAM:

John T. Clark & Son of Maryland, Inc., and its insurance carrier, American Mutual

Liability Insurance Company, petition for review of the Benefits Review Board's award of compensation arising out of the death of one of Clark's employees, Matthew Kowaleviocz. The principal issue raised by the petition is whether the Board erred in ruling that Kowaleviocz was covered by the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.* We affirm the decisions and orders of the Board, which are reported as *Cooper v. John T. Clark & Son of Maryland, Inc.*, 11 Ben.Rev.Bd.Serv. (MB) 453 (1979); 14 Ben.Rev.Bd.Serv. (MB) 154 (1981).

Kowaleviocz was killed at the railhead within the Dundalk Marine Terminal, Baltimore, Maryland, when he was securing a ship's container to a Penn Central railroad flatcar.

Clark, a stevedore, was engaged in unloading containers from vessels, draying them to temporary storage areas, and later moving them to the railhead. There, pursuant to a contract with the Penn Central Railroad, it loaded the containers on flatcars using its own employees and equipment. Kowaleviocz, under Clark's direction and control, worked at the railhead.

We conclude that the Board properly applied the status and situs test prescribed in *P. C. Pfeiffer Co., Inc. v. Ford*, 444 U.S. 69, 100 S.Ct. 328, 62 L.Ed.2d 225 (1979); and *Northeast Marine Terminal Co. v. Caputo*, 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977).

Also, for reasons adequately stated by the Board, we conclude that the claim was not barred by the one-year statute of limitations, 33 U.S.C. § 930(f), and that the notice of controversion was not timely filed.

AFFIRMED.